## WILSON v. BOARD OF COM'RS OF MAYES CO. et al.

No. 16301—Opinion Filed Oct. 13, 1925.

### Counties — Board of Commissioners — Permanence of Order for Employment of County Court Stenographer.

The board of county commissioners acts in and administrative or executive capacity, in the management of the county's affairs. It has a continuous existence, and while its membership may change, the board continues, so that the finding of the board, as expressed by resolution duly passed and recorded, that there exists a necessity for a county court stenographer in a given county, and authorizing and directing the county judge of the county to make such appointment, as provided by section 3192, C. S. 1921, is permanent, and we hold that such resolution remains in full force and effect until vacated by a court of competent jurisdiction on appeal, or set aside, revised, or modified by the board of county commissioners.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Appeal to district court by Martha J. Wilson, from action of the Board of County Commissioners of Mayes County, Okla. Judgment for appellee Board and in favor of L. M. Huey, and appellant brings error. Reversed and remanded.

Harry Seaton, for plaintiff in error.

T. C. Wilson and W. W. Powell, for defendants in error.

Opinion by JONES, C. This appeal is prosecuted to reverse the judgment of the district court of Mayes county, Okla., wherein the district court rendered judgment disallowing the claim of Martha J. Wilson, plaintiff in error, for one month's salary as deputy court clerk. The facts as disclosed by the record show that on or about January 1, 1925, the Honorable Ernest R. Brown, county judge of Mayes county, appointed the appellant, Martha J. Wilson, as county court stenographer and ex-officio deputy court clerk. The said Martha J. Wilson duly qualified and performed the services incumbent upon her by reason of such appointment for the month of January, 1925, and filed her claim in regular order with the board of county commissioners for approval and allowance.

At about the same time, the court clerk of said county, J. M. Downing, appointed L. M. Huey deputy court clerk, who likewise filed her claim for the salary for the month of January, 1925, with the board of county commissioners, and said board of county commissioners in the month of February, 1925, disallowed both of said claims, from which order an appeal was prosecuted by each of said claimants, Martha J. Wilson and L. M. Huey, to the district court of Mayes county, and upon trial in the district court of the appeal on the part of L. M. Huey, judgment was rendered in favor of the claimant for the amount of her salary as claimed for the month of January, 1925; and in the appeal involving the claim of the appellant herein, Martha J. Wilson, the district court rendered judgment in favor of the board of county commissioners and

against the claimant, upholding the order of said board disallowing said claim, from which judgment of the district court, the appellant, Martha J. Wilson, prosecutes this appeal and names the board of county commissioners of Mayes county and L. M. Huey defendants in error. No appeal was taken by the board of county commissioners for the county from the judgment in favor of L. M. Huey, and this court has heretofore dismissed the appeal, in so far as L. M. Huey is concerned, on motion duly filed and presented, for the reason that she was not a proper or necessary party to the proceedings in this court, involving the judgment against the appellant, Martha J. Wilson.

The appellant sets forth various assignments of error, but the assignment assigning as error the judgment of the court, for the reason that it is contrary to law, raises the only question involved in this controversy. And the question for our determination is whether or not the appointment of Martha J. Wilson by the county court was authorized and valid. Section 5956, C. S. 1921, which was contained in an Act of the 1913 Legislature, provides:

"The court clerk shall have the power to appoint one or more deputy court clerks by and with the consent and approval of the board of county commissioners; one of said deputies shall be a competent stenographer, whose appointment shall be first approved by the county judge, and who shall possess the same qualifications in the art of stenography as is now required of such officers in the district court."

And section 5957, Id., which is also found in the Act of the 1913 Legislature, in part provides as follows:

"In counties containing less than 20,000 population, the court clerk shall appoint one deputy court clerk only," etc.

And section 3188, C. S. 1921, which is taken from Rev. Laws of 1910, provides that:

"The judge of the county court may appoint, in writing, whenever in his judgment it will expedite public business, a shorthand reporter, to be known as 'county stenographer,' who shall be ex-officio deputy court clerk of the county court, and who shall possess the same qualifications in the art of stenography as required of such officer in the district court."

And section 3189, C. S. 1921, which is a portion of the Act of the Legislature of 1919 is as follows:

"There is hereby created in each county in the state of Oklahoma, the office of county court stenographer, and from and after the passage of this act, it shall be the duty of each county judge of the state of Oklahoma to appoint one competent stenographer who shall be known, termed and designated as the county court stenographer of the county wherein the said stenographer is appointed."

And section 3190, C. S. 1921, being contained in the Act of 1919, provides:

"That immediately upon the appointment of said stenographer, the said stenographer shall become the stenographer of the county judge of said county, and in addition to the duties of stenographer of said county judge of such county, he shall be required to act as reporter of said court and when not otherwise engaged, to perform the duties of deputy court clerk, in the said court clerk's office and that said stenographer shall be ex-officio deputy court clerk, and be it further provided that such appointment by the county judge of such stenographer shall not be construed as a deputy court clerk within the meaning of the statutes fixing the number or salary of deputies in the office of court clerk in counties of 50,000 population or over, but in all other counties it shall be so construed as such deputy court clerk."

And section 3192, C. S. 1921, being the fourth section of the Act of 1919, found on page 195, Session Laws 1919, provides:

"No appointment hereunder shall be made in any county of this state unless and until the board of county commissioners of such county shall by resolution declare the necessity of such county court stenographer and fix the salary."

From an examination of these various provisions of the law, it will be seen that section 3189, supra, is the latest expression of the Legislature on this subject, and specifically authorizes the appointment of a county court stenographer by the county judge. This authority is limited and made dependent upon resolution by the board of county commissioners, declaring the necessity for such stenographer, as set forth in section 3192, and in this case it is evident that the trial court was of the opinion that the resolution authorized by section 3192, on the part of this board of county commissioners, was such an order as would necessarily be made at the time of each particular appointment of a county court stenographer, and that resolutions of this character duly passed by the county commissioners were limited in duration and had no continuing power or effect. The record discloses in this case, that the board of county commissioners of Mayes county, in regular session on the 4th day of April, 1921, passed the following resolution:

"State of Oklahoma, County of Mayes, ss.

Now on this 4th day of April, 1921, the board of county commissioners, in regular session, and being fully advised, finds that there exists a necessity for a county court stenographer for said Mayes county. It is, therefore, resolved by said board of county commissioners, that the county judge of said Mayes county, be and he is hereby authorized under and by virtue and authority of law, chapter 137, House Bill No. 62, Session Laws 1919, authorized and directed to appoint a county court stenographer at a salary not to exceed $100 per month. T. Wyman Thompson, Chairman.

"Attest: (Seal.)

"P. H. Hillin, County Clerk, 4-4-1921. This session does now adjourn. P. H. Hillin, Co. Clerk."

The appellant contends that this resolution is continuous in its effect—a final order of the county commissioners, from which no appeal was taken, and that it remains in full force and effect until annulled, vacated or modified by the board of county commissioners. No authority is cited bearing on this particular question by either appellant or appellee, but we find none directly in point, but we hold that the resolution when properly passed and recorded, as this one was, is a valid order until vacated or modified by a court of competent jurisdiction, on appeal from the order of the board of county commissioners, or until vacated or modified by said board of county commissioners.

Our statutes provide for the manner of notice and publication of the doings and proceedings of the board of county commissioners, and the recording of same, and under the 6th subdivision of section 5793, C. S. 1921, after the enumeration of various duties, we find the following provisions:

"To do and perform such other duties and acts that the board of county commissioners be required by law to do and perform."

And section 5834, C. S., under the chapter on county commissioners, provides that:

"From all decisions of the board of county commissioners upon matters properly before them, there shall be allowed an appeal to the district court by any person aggrieved, including the county by its county attorney," etc.

The resolution in controversy here is an act that the board of county commissioners was required by law to do and perform, and we think might be properly termed a decision of the board, determining a matter that had been properly presented to them, and there being no appeal taken, as provided by the section above quoted, it became a final order, declaring that there existed a

necessity for a county court stenographer in Mayes county, and duly authorized the county judge of Mayes county to appoint a county court stenographer at a salary not to exceed $100 per month, by virtue of the law heretofore referred to.

The board of county commissioners is a tribunal difficult of any express or simple definition. It partakes in its nature of an administrative board, with limited, judicial and legislative power, and while many of its acts by ordinance, resolutions, or decisions, have no permanent or continuing effect, some of them do, and we think a resolution such as here involved is one of a judicial nature, which is continuing in its character. 11 Cyc. 380 C, in referring to the board of county commissioners, says:

"Such boards have a perpetual existence continued by members who succeed each other, and the body remains the same, notwithstanding the change in the individuals who compose it."

And from the many citations following this statement, we find that many of the acts of the board of county commissioners are permanent in their nature and continue beyond the life, or tenure of office, of any or all of the members of the board composing same at the time the act is performed.

In the case of Thomas v. Whatcom County, 82 Wash. 113, 143 Pac. 881, the Supreme Court of Washington was dealing with a matter of kindred nature, wherein a controversy arose between the sheriff of said county and the board of county commissioners, in which the board of county commissioners was opposed to and disapproved the acts and conduct of certain deputy sheriffs, and refused to allow their claims for salary and expenses, and passed a resolution discharging said deputy sheriffs. The record in the case shows that the deputies had served for more than two years and their claims for salary and expenses had been audited and allowed by the board of county commissioners, and the court held that such acts and conduct on the part of the board were a sufficient recognition of the power and authority of the sheriff to make the appointment, and that the resolution attempting to discharge these particular deputies was void, and that while under the statutes of Washington the board of county commissioners have some authority and discretion in determining the number of deputies that the sheriff shall appoint and the salary to be paid, yet that they have no authority to determine who the sheriff shall appoint or to discharge appointees, simply because they are not entirely

satisfactory to the commissioners. And also held that the acquiescence on the part of the board of county commissioners in the appointment has the effect of a resolution authorizing and directing the sheriff to appoint a certain number of deputies, and in the second paragraph of the syllabus, the court announced the following rule:

"A county board acts in an administrative, or executive, capacity in the management of the county's affairs. It has a continuous existence, and while its membership may change, the board continues, so that a finding of the board that certain deputies are necessary to the transaction of the business of a county office would not be abrogated by a change in the personnel of the board."

This, we think, supports the doctrine announced in this opinion, wherein we hold that the resolution passed by the board of county commissioners in 1921 is continuing in its effect. We therefore hold that the judgment of the district court was erroneous, and that the cause should be reversed and remanded to the trial court with directions to render judgment for the appellant, Martha J. Wilson.

By the Court: It is so ordered.

Note.—See under (1) 15 C. J. pp. 446, § 92; 448, § 92; 473, § 124 (Anno).